## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

WILLIE FRANK STALLWORTH v. COMMONWEALTH OF VIRGINIA.

October 9, 1972.

Record No. 7853.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Thomas D. Stokes, III* (*Browder, Russell, Little & Morris,* on brief), for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Defendant Willie Frank Stallworth was tried by the court and found guilty of possession of marijuana in violation of § 54-488 of the Uniform Narcotic Drug Act, §§ 54-487 to -519 of the Code (1967 Repl. Vol.).[1] He was sentenced to serve 20 years in the penitentiary and to pay a fine of $100, but the fine and 18 years of the penitentiary sentence were suspended upon good behavior for a period of five years. We granted Stallworth a writ of error. His conviction, as the Attorney General conceded in oral argument, depends entirely upon the validity of the affidavit supporting the search warrant by authority of which police officers entered Stall-

---

[1] By Acts of Assembly 1970, ch. 650, effective June 16, 1970, the Uniform Narcotic Drug Act was replaced by The Drug Control Act, §§ 54-524.1 to -524.109 of the Code (1972 Repl. Vol.).

worth's apartment and found 38.033 grams (585.1 grains) of marijuana.

On December 17, 1969, Stallworth, a staff sergeant in the United States Army who had recently returned from combat duty in Vietnam, was stationed at Fort Eustis, Virginia. On that date Virginia State Police Investigator B. S. Allsbrook, pursuant to a telephone call from C.I.D. Agent Hicks, an Army investigator at Fort Eustis, obtained a warrant to search Stallworth's apartment in the City of Hampton for marijuana and related paraphernalia. The search warrant was issued by a justice of the peace in Hampton after Allsbrook had appeared before him and executed an affidavit worded in pertinent part as follows:

"(2) The material facts constituting probable cause for issuance of the warrant are: information received from CID Agent Herb Hicks that marijuana was kept in apartment. Willie Frank Stallworth, who lives at the prescribed address, was arrested on December 17th, 1969 for possession and selling marijuana."

Allsbrook and Hampton police officers went to the described apartment, where they found Stallworth's wife and child, and searched the premises while Stallworth remained in Army custody at Fort Eustis. After finding and seizing the marijuana, determined by subsequent chemical analysis to have been grown in a tropical area, the officers proceeded to Fort Eustis and arrested Stallworth.

We have frequently restated the test required by *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969), to determine the validity of an affidavit for a search warrant. *See, e.g., Guzewicz* v. *Commonwealth*, 212 Va. 730, 732, 187 S.E.2d 144, 146 (1972); *Manley* v. *Commonwealth*, 211 Va. 146, 149-50, 176 S.E.2d 309, 312-13 (1970). As Stallworth concedes the reliability of the informant, Agent Hicks, Allsbrook's affidavit complies with one requirement of the test. But it fails to meet another requirement. It fails to state sufficient facts and circumstances to enable a neutral and detached magistrate to evaluate the informant's conclusion that the marijuana was where he said it was.

The only fact stated is that on December 17, 1969, Stallworth had been arrested for possessing and selling marijuana. No circumstances are adduced as a basis for Hick's conclusion that on the day of this arrest by military authorities marijuana was being kept in

Stallworth's apartment. There is merely a conclusory statement, similar to that found in the first defective affidavit in *Guzewicz* v. *Commonwealth, supra. See Stovall* v. *Commonwealth*, 213 Va. 67, 189 S.E.2d 353 (1972). So the affidavit is fatally defective.

As the search warrant was invalid the marijuana seized pursuant thereto was improperly admitted in evidence over Stallworth's objection. Accordingly, the judgment is reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*