Emil Fred Seitz, Jr.

v.

Philip Morris, Inc.

October 3, 1986

Case No. LK 848-1

By JUDGE MELVIN R. HUGHES, JR.

According to familiar principles, defendant's Demurrer takes all alleged facts as proven thereby raising questions of legal sufficiency. In a four count Motion for Judgment, plaintiff raises claims of breach of employment contract, tortious discharge from employment, fraud and deceit, insulting words and intentional infliction of emotional distress.

Plaintiff was employed with defendant for over eight years. During this time he received several promotions, received excellent performance evaluations and became manager in the purchasing department. On September 5, 1985, the day the immediate transaction took place causing him to separate from defendant, plaintiff's immediate supervisor informed him without more specific detail of numerous complaints that had surfaced in recent weeks regarding the way and manner he conducted himself with vendors. The vendors, plaintiff's supervisor reported, complained that plaintiff used coercive and unethical tactics. Thereupon, plaintiff was given a choice to resign or be terminated. If he chose to resign, he would get severance and vacation pay, and the defendant would tell potential employers he resigned. If he was terminated, he was told he would not get the pay benefits and prospective employers would be told of the vendor incidents. Plaintiff chose to resign and wrote out and signed a resignation statement.

*Breach of Employment Contract*

Plaintiff urges that defendant's Policy and Procedure Manual (the manual) outlines the procedures in case of discharge and resignation of salaried employees. He argues the manual states resignations are to be voluntary and reasons given. Since the manual sets "just cause" as the standard for terminating employment to encourage job security and faithful employment, plaintiff argues he should be allowed to proceed to trial because the at will employment doctrine is no more than an evidentiary presumption, not a rule of substantive law.

While Virginia has recognized exceptions to the at will doctrine, most recently in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1984), no matter how one might view the doctrine, in the absence of an express agreement, sufficient facts must be alleged to bring the case under *Bowman* or under an implied-in-fact contract exception as in *Sea Land Service v. O'Neal*, 224 Va. 343 (1982).

Many would urge as defendant argues herein that without an express agreement calling for a specific term, the employee or the employer should not be indefinitely bound to each other. Absent an express contractual term, the employee's right to quit at any time and for any reason is concommitant with the employer's right to terminate for any reason not expressly prohibited by statute. I must observe that Virginia has not imposed a common-law obligation on private sector employers to terminate employment only for "just cause."

The precise issue presented by facts which base a claim in contract on provisions in an employment handbook has not been decided by the Virginia Supreme Court. There are cases, notably federal cases, *Frazier v. Colonial Williamsburg*, 574 F. Supp. 318 (E.D. Va. 1983), *Barger v. General Electric Co.*, 599 F. Supp. 1154 (W.D. Va. 1984); *Thompson v. American Motor Inns, Inc.*, CA 83-0013-A (W.D. De'd December 4, 1985), which interpret Virginia case law to allow for a finding of a contract affecting employment rights based on employee handbook and manual provisions as alleged here.

Just because no specific time limit is alleged does not mean that an at will arrangement exists when, otherwise, an employment contract is alleged. *Sea Land Service Inc. v. O'Neal, supra, Norfolk So. R. Co. v. Harris,*

190 Va. 966 (1950); *Hoffman v. Pelouze*, 158 Va. 586 (1932). For purposes of demurrer, the question whether the alleged contract could or could not be performed within a year is a matter to be resolved on the evidence according to whether a contract exists and on what terms.

The Demurrer as to this Count is overruled.

### Tortious Discharge

In this count, plaintiff alleges defendant violated Sections 18.2-59 and 40.1-27, Code of Virginia of 1950, as amended. The former statute deals with the crime of extortion and prescribes punishment; the latter statute deals with the crime of willfully and maliciously preventing employment of former employees who are discharged or voluntarily leave service.

As counsel for plaintiff points out in a letter to the court after the argument, *Bowman* establishes a cause of action in tort in the area of employment termination, albeit a narrow exception to the at will doctrine. However, I do not believe plaintiff has made out sufficient allegations grounded on the public policy consideration that meet the test *Bowman* lays out.

First, a violation of § 40.1-27 does not seem to be involved here, as the facts as given establish defendant stated it would blacklist plaintiff only if he chose not to resign. Second, § 18.2-59 does not seem to be involved either because the facts establish plaintiff was allowed severance and vacation pay benefits since he chose to resign. Third, while I recognize plaintiff intends to allege the circumstances as an impermissible way to force plaintiff to resign thereby in effect terminating him, *Bowman* sets a narrow exception in favor of a right to exercise stockholder voting without interference, conduct involving important public policy occurring outside the workplace. Here, the statements all relate to the way plaintiff performed his duties and matters of employee benefits, things relating to the workplace, not plaintiff exercising protected rights, and then being terminated. Without alleging an employee exercise of a right protected by clear mandate of public policy triggering discharge, the tort exception under *Bowman* does not lie.

The Demurrer on this Count is sustained.

### Fraud and Deceit

Recognizing again that plaintiff alleges an impermissible forced resignation, the facts nonetheless do not constitute fraud.

What defendants did was to tell plaintiff (1) he could not get his benefits if terminated, a statement, while arguably false, may be the predicate for a contract action if he had been terminated and (2) he would be blacklisted as to potential employers, a statement which is also arguably false for legal reasons. Both these could not have been relied on because according to the allegations, plaintiff's separation would have been accomplished in any event.

Also, the general rule as to fraud is that it must relate to a present or pre-existing fact and not be predicated on unfulfilled promises or statements regarding future events. *Soble v. Herman*, 175 Va. 489 (1940). The benefit and blacklist threats both relate to things that would occur in the future.

Accordingly, the Demurrer on this Count is sustained.

### Insulting Words

Whether plaintiff relies on the words and phrases defendant used on the subject of denying employee benefits or whether plaintiff relies on the words concerning his tactics with vendors, both are not actionable under insulting words. The former are not insults about plaintiff and the latter are not words attributable to defendant but things reported concerning what others said.

Accordingly, the Demurrer on this Count is sustained.

### Emotional Distress

Plaintiff sets forth this claim based on all the accusations and contacts at the September 5, 1985, meeting. A cognizable claim here, as there is no allegation of physical impact, must fit within the exceptions carved out in *Naccash v. Burger*, 223 Va. 406 (1982), or *Womack v. Eldridge*, 215 Va. 338 (1974). Plaintiff's claim is not cognizable since there is no allegation of specific purpose to inflict emotional hurt or an allegation defendant so intended his specific conduct or knew or should

have known emotional injury would result thereby. *Womack, supra*, p. 342.

The Demurrer as to this Court is also sustained.

Accordingly, for the reasons stated and as indicated above, defendant's Demurrer is overruled in part and sustained in part.

As to the tortious forced resignation, fraud and deceit, and insulting words counts, the demurrer is sustained without leave to amend. as to all other counts where the demurrer is sustained, plaintiff shall have ten days from the entry of the order to file an amended Motion for Judgment and defendant shall have ten days from its receipt of any amended Motion for Judgment to file responsive pleadings.