## CIRCUIT COURT OF THE CITY OF RICHMOND

Linda Roland

v.

Bon Air Cleaners, Inc.

March 16, 1990

Case No. LR2980-2

By JUDGE ROBERT L. HARRIS, SR.

This case came before the court on March 2, 1990, on defendant's demurrer, which was taken under advisement. Counsel have submitted briefs on the issue of whether the facts alleged in plaintiff's Motion for Judgment are sufficient to allow her to proceed on a tortious discharge claim under the exceptions to the employment-at-will doctrine recognized in *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985).

Plaintiff has alleged in her Motion for Judgment the following facts, which, for the purposes of a demurrer, are taken as true. Plaintiff became employed by Bon Air Cleaners, Inc., as a seamstress in approximately March, 1987, on a 40% commission basis. Her salary was approximately $300.00 per week. In June, 1988, the defendant, through Lawrence Smith, its president, reduced plaintiff's workload and consequently her salary. Plaintiff filed a claim on July 6, 1988, for partial unemployment compensation benefits with the Virginia Employment Commission (VEC), which was opposed by her employer. Defendant then reduced plaintiff's workload to nothing. Several days before the scheduled date for a hearing on plaintiff's claim, she was rehired by defendant. Plaintiff resumed work at a full-time workload on September 6, 1988. On September 8, 1988, the date for plaintiff's VEC hearing, Smith, acting on the defendant's

behalf, fired the plaintiff in retaliation for filing the unemployment compensation claim.

In *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985), the Virginia Supreme Court recognized a cause of action in tort for improper discharge from employment as a narrow exception to the employment-at-will rule. In that case, the defendant employers fired the plaintiffs in retaliation for voting shares of stock against the wishes of the employer. The court held that the employer's acts contravened the public policy behind § 13.1-32 (repealed by Acts 1985, c. 522, effective January 1, 1986) which conferred upon each stockholder the right to one vote for each share of stock held. *Bowman*, 229 Va. at 540, 331 S.E.2d at 801.

The plaintiff contends that the instant case falls squarely within the *Bowman* exception. The defendant argues that this case does not come within the narrow public policy exception, relying on *Miller v. SEVAMP*, 234 Va. 462, 362 S.E.2d 915 (1987), and two recent Virginia Circuit opinions. It is the opinion of this court that plaintiff's claim is exactly the type contemplated by the court in *Bowman*, not the type rejected by the court in *Miller v. SEVAMP*. I will address the defendant's contentions in reference to the post-*Bowman* cases cited in its brief.

The court in *Miller v. SEVAMP* distinguished between public policy and private rights. *Id.* at 468, 362 S.E.2d at 918. The termination in *Bowman* had been in retaliation for the exercise of rights conferred on a shareholder by statute. *Id.* at 469, 362 S.E.2d at 918. In contrast, the discharge in *Miller* was alleged to be done in retaliation for plaintiff's appearance at a fellow employee's grievance hearing; such a grievance procedure was only provided for by the employer's internal procedural manual. *Id.* at 468, 362 S.E.2d at 919. This distinction, in the opinion of this court, means that an employer's action in firing an at-will employee for pursuing rights given to him or her by the employer is not actionable under *Bowman*. However, an employer may not, with absolute immunity, discharge an employee for pursuing a right guaranteed by statute in furtherance of a public policy of this state.

The instant case clearly falls on the public policy side of the *Miller* dichotomy. An unemployed or underemployed worker has the right, under the Virginia Unemployment

Compensation Act, to seek benefits under the Act. *See* Va. Code Ann. §§ 60.2-226 and 60.2-612. This court is hard-pressed to think of an act that better represents a manifestation of public policy. As stated by the Virginia Supreme Court in *U.C.C. v. Collins*, 182 Va. 426, 438, 29 S.E.2d 388, 393 (1944), the act "is primarily a public welfare measure . . . to assure a measure of security against the hazard of unemployment . . . ." The fact that the provisions of the act benefit an unemployed worker personally does not make the right private. The right of a stockholder to vote shares, which clearly benefits the stockholder personally, was held to be actionable in *Bowman*.

The defendant has also relied on *Luckett v. Harrisonburg School Board*, 14 Va. Cir. 26 (Rockingham 1988). In that case, the court held that the right of a teacher employed by a City School Board to a grievance procedure is private under *Miller v. SEVAMP*. The decision in the instant case is not inconsistent with *Luckett*. Because the grievance procedure for teachers is provided for by statute, it is, in some sense, public. However, under the *Miller* case, the teacher grievance procedure is correctly characterized as private because it involves the relationship between an employer, albeit a governmental entity, and its employee. In the present case, the Unemployment Compensation Act at issue confers rights on all persons who are unemployed, subject to certain eligibility criteria. The Act is not limited to a particular employer nor does it concern the employment relationship as such.

Because I hold that the right to pursue unemployment compensation is not "within the employment relationship," under *Miller v. SEVAMP*, the decision here is not inconsistent with *Seitz v. Philip Morris*, 6 Va. Cir. 428 (Richmond 1986). Judge Hughes's opinion in that case, although issued before *Miller v. SEVAMP*, correctly anticipated the Supreme Court's distinction between public policy and private rights given by an employer. *See id.* at 430 (*Bowman* exception limited to protecting employee conduct involving public policy occurring outside the work place).

Finally, defendant argues that a decision in plaintiff's favor here would usurp the role of the General Assembly. This court has no more inclination to usurp the legislative function than does the Supreme Court.

This decision merely follows the guidance of the highest court of this state in recognizing a case that falls squarely within a narrow exception already articulated by that court to a common-law rule.

For the foregoing reasons, the defendant's demurrer is overruled.