## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

James Edward Blakey

May 29, 1991

Case No. (Criminal) 90-341

By JUDGE JAY T. SWETT

The defendant is charged with statutory burglary and a third offense of petit larceny. The defendant has moved to suppress certain evidence seized as a result of a search warrant issued on October 12, 1990. A suppression hearing was held on May 24, 1991. No evidence was taken regarding the validity of the search warrant. Defendant's motion to suppress was based solely on the affidavit which the defendant contends lacks probable cause.

The affidavit which was the basis for the search warrant was filed by Detective Blaine C. Cosgrove of the Charlottesville Police Department. In the affidavit Detective Cosgrove stated that on July 29, 1990, a burglary had occurred at the residence of Robert Brohim at 2201 Angus Road, Apartment 18, Charlottesville, Virginia. The affidavit stated that the items to be searched for included a television, a VCR, a stereo speaker system, and several other items stolen in the burglary. It also stated that the defendant's fingerprints were found on an item in Mr. Brohim's apartment, which the police believed was

moved during the burglary. The affidavit stated that the defendant lived in Apartment 12 of the same building where the burglary occurred. Based on this affidavit, the magistrate issued a warrant to search the residence of the defendant. The warrant was issued on October 12, 1990. The burglary occurred on July 29, 1990. There were no facts in the affidavit which explained why the officer believed that the seized items were located at the defendant's residence as of October 12, 1990, approximately seventy-five days after the burglary. Because there were no facts in the affidavit to establish a nexus between the items to be seized and the place to be searched, the court agrees that the October 12, 1990, warrant was improperly issued.

In *Stovall v. Commonwealth*, 213 Va. 67 (1972), our Supreme Court invalidated a search warrant finding that the affidavit did not contain sufficient facts to establish probable cause that the items sought to be seized were at the defendant's residence on the date the warrant was issued. The affidavit in *Stovall* did include facts that would have established probable cause to believe that drugs described in the affidavit were located at the defendant's residence on September 9, 1969. However, the warrant was not issued until November 20, 1969, seventy-two days thereafter. As of that date, the affidavit stated that the suspect had a large quantity of marijuana at his home, but there were no facts to support this assertion. While conceding that there would have been sufficient probable cause to issue a search warrant as of September 9, 1969, based upon the personal observation of an informant, the Court held no probable cause existed on November 20, 1969, the date the warrant was issued. The basis of the Court's ruling was that probable cause must exist on facts related in time to the date of the issuance of the warrant. 213 Va. at 70. In this case, as in *Stovall*, the affidavit does not contain any facts to support a conclusion that the items stolen in the burglary were located in the defendant's apartment on Angus Road. *Stovall* requires this court to rule that the search warrant of October 12, 1990, was improperly issued.

The next issue to address is the Commonwealth's argument that if the warrant was improperly issued, the items seized should not be excluded because of the good

faith exception to the exclusionary rule. *United States v. Leon*, 468 U.S. 897 (1984); *McCary v. Commonwealth*, 228 Va. 219 (1984); *Atkins v. Commonwealth*, 9 Va. App. 462 (1990). The good faith exception permits evidence illegally seized to be admitted if the officer executing the warrant reasonably relied on the search warrant and if the warrant was issued by a detached and neutral magistrate. *United States v. Leon*, 468 U.S. at 921. The good faith exception does not apply where a magistrate is misled by inaccurate or incorrect information contained in the affidavit which the affiant knew or should have known was false, or where the issuing magistrate abandoned his quasi-judicial role, or where the warrant was based upon an affidavit "so lacking in the issue of probable cause" as to render official belief in its existence unreasonable, or where the warrant was deficient on its face such that an executing officer could not assume it was valid. 9 Va. App. at 464. Here, the defendant does not claim the magistrate was misled or had abandoned his judicial role, nor does the defendant argue that the warrant was facially deficient. The defendant argues that the affidavit lacked any "indicia of probable cause" such that no reasonable official could believe that probable cause existed. *United States v. Leon*, 468 U.S. at 923.

Although the search warrant issued here is invalid under *Stovall*, the issue of whether a magistrate may infer probable cause from circumstances such as existed here remains the subject of some debate. For example, the United States Court of Appeals have split over the question of whether probable cause can be found to search a location because of the nexus between that particular location and the nature of the items sought. *United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988). The Fourth Circuit has ruled that probable cause may be established based on such a nexus under certain circumstances. It is even arguable that the Fourth Circuit might have upheld the warrant issued here because of the size and nature of the goods (TV, VCR, speakers) and the close proximity of the crime scene to the defendant's home. These are items that a magistrate might conclude would likely be kept in the home, and since the defendant's home is in close proximity to the crime scene, that relationship

could provide probable cause to search for the items at the defendant's apartment. *Id.*

In other federal circuits, the nature of the goods is irrelevant in decisions on questions of probable cause to believe that a stolen item is in a certain location. "[T]here must be a substantial basis to conclude the instrumentality of a crime will be discovered on the searched premises." *Id., citing United States v. Lockett,* 674 F.2d 843, 846 (11th Cir. 1982).

In light of the disagreement within the federal circuits over this issue, it is clear that this court cannot find that the warrant here lacked "indicia of probable cause" nor that the officer's belief in the validity of the warrant was unreasonable.

It was reasonable in this case for the officer to accept the warrant as valid on its face. The court must therefore apply the good faith exception to the exclusionary rule and admit the evidence seized when the warrant was executed. The defendant's motion to suppress is denied.