592 S.E.2d 761

**Delio ANZUALDA, Jr.**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1719–02–1.**

Court of Appeals of Virginia,
Chesapeake.

Feb. 24, 2004.

William P. Robinson, Jr. (Robinson, Neeley & Anderson, on brief), Norfolk, for appellant.

Margaret Reed, Assistant Attorney General (Jerry W. Kilgore, Attorney General; Amy Hay Schwab, Assistant Attorney General, on brief), for appellee.

Present: BENTON, HUMPHREYS, JJ., and HODGES, Senior Judge.

BENTON, JR., Judge.

The sole issue granted for review is whether the circuit court judge erred when he denied a motion to suppress evidence seized pursuant to a search warrant. Delio Anzualda, Jr. contends that the search warrant was not supported by probable cause and further that the warrant was deficient

under *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We agree, and we reverse the convictions.

I.

The evidence at the suppression hearing proved that on September 15, 2000, a deputy sheriff from the Northampton County Sheriff's office obtained a warrant to search the home of Delio Anzualda, Jr. The affidavit supporting the search warrant contained the following recital of the "material facts constituting probable cause":

On March 17, 2000, Carlos Tolentito and Hildeberto Velasco were shot to death with 9 millimeter rounds on Occohannock Neck Road. An individual incarcerated in the Northampton County Jail has become a suspect in the offense in that he has made incriminating statements to at least three persons. An intimate friend of the suspect has informed the undersigned that the suspect informed the intimate friend that he had traded a pistol to an individual known as "Cowboy" for marijuana, "Cowboy" being known to her as residing at the place to be searched. The undersigned has personal knowledge that "Cowboy" is Delio Anzualda.

A separate paragraph in the affidavit identified the "thing to be searched for" as a "9 millimeter pistol and/or ammunition."

During the search of the residence, the deputy sheriffs discovered cocaine, marijuana, two rifles, and a shotgun. No pistol was listed among the items seized. A grand jury indicted Anzualda on several charges including possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and possession of a firearm while possessing cocaine. At a hearing on a motion to suppress the evidence prior to trial on these offenses, Anzualda's attorney argued the affidavit was defective because it "fail[ed] to set sufficient facts on its face to cause a reasonably detached magistrate to believe that the subject matter of the search for a pistol was at [Anzualda's] home." He further argued that the affidavit failed to indicate when the gun was traded, that

the time between the affidavit and the events spanned months, and that the affidavit lacked any nexus between the information given by the informant and the place to be searched.

In response, the prosecutor argued as follows:

Well, Your Honor, the nexus between the item to be searched for and the house to be searched is the fact that the defendant, to whom the gun was traded, lives in the house to be searched. To me it's pretty simple and pretty straightforward. I would also say ... that United States versus Leon says that the policeman relies in good faith on a—a search warrant issued by a detached magistrate, which is surely the case in this—that it's not going to be suppressed anyway unless it's so ridiculous on its face that the policeman couldn't rely on it; and this surely is not that.

The circuit court judge agreed with the prosecutor's argument and denied the motion to suppress. Later, another judge convicted Delio Anzualda, Jr., on his conditional guilty plea, of possessing a firearm while possessing cocaine, possessing cocaine with intent to distribute in violation of Code § 18.2–248, and "possession of cocaine" in violation of "[Code § ] 18.2–248.1." [1]

## II.

The principle is well established that a magistrate may issue a search warrant only upon allegations of "facts so closely related to the time of issue of the warrant as to justify a finding of probable cause at that time." *Sgro v. United States*, 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932). Applying this principle, the Supreme Court of Virginia has held that a search warrant "affidavit can be sustained only if the allegations pertaining to [the critical event] were sufficient to show the probability that the ... conduct continued up to the time of the issuance of the search warrant."

---

[1]. The conviction order erroneously references a conviction for possession of cocaine in violation of Code § 18.2–248.1. That statute relates to possession of marijuana with the intent to distribute, which was the charge contained in the indictment.

*Stovall v. Commonwealth,* 213 Va. 67, 70, 189 S.E.2d 353, 356 (1972).

The timing nexus is particularly deficient in this affidavit. Without specifying any dates, the affidavit relates that an unidentified suspect told a friend, who was an unidentified informant, that he (the suspect) traded a pistol to Anzualda. The affidavit does not disclose when the suspect had the conversation with the informant. Furthermore, the substance of the conversation does not convey any time frame or other facts which would suggest when the suspect had the conversation. Indeed, the conversation just as likely could have occurred a year prior to the date of the affidavit as at any other hypothesized time.

Likewise, the affidavit does not disclose when the suspect traded the pistol. It does not disclose whether the suspect transferred the pistol before or after the homicides. Furthermore, the affidavit does not assert the pistol was ever seen in the residence or even where the trade occurred. Indeed, the affidavit's statement of material facts does not even disclose whether the pistol the suspect traded was a "9 millimeter" firearm or was believed to be a weapon capable of discharging "9 millimeter rounds." Thus, the information communicated by the suspect does not disclose a reasonable probability that the pistol the suspect traded would be at the residence on September 15, when the warrant was issued and executed. The affidavit also does not allege that the traded pistol was connected with the homicide. Code § 19.2–53; *Derr v. Commonwealth,* 6 Va.App. 215, 221, 368 S.E.2d 916, 919 (1988) (a seizable item must be "evidence of or an instrumentality of a crime"). As the Supreme Court noted in *Stovall,* "there should have been set forth some factual allegations which, when added to the earlier information, would have led the reasonable mind to believe that criminal conduct probably continued until the time the search warrant issued." 213 Va. at 71, 189 S.E.2d at 356.

The only date or time reference contained in the affidavit is March 17, 2000, the date of the homicides. Significantly,

however, the affidavit leaves vague and undisclosed the connection of the "suspect" to the homicides. It notes only that a individual incarcerated in jail "has become a suspect in the offense in that he has made incriminating statements to at least three persons." By leaving unstated whether the suspect's statements suggest that he was present during the homicides or that he knew the identity of the killer or that he implicated himself as the killer, the affidavit renders speculative when the transfer of the pistol occurred. Indeed, if the individual has become a suspect merely because he told the informant and others that he traded a pistol to Anzualda, then probable cause is non-existent because nothing in the affidavit links the March 17, 2000 killings and the pistol. Only by assuming that the suspect's statements suggested he was the killer could the magistrate conclude the transfer of the pistol occurred after March 17, 2000. Such an assumption, however, is grounded in no fact that is recited in the affidavit. For these reasons, we hold that the affidavit was defectively vague and was insufficient to establish probable cause.

## III.

The Commonwealth contends that we should nevertheless affirm the refusal to suppress the evidence because of the good faith exception announced in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We disagree.

"Under the good faith exception evidence illegally seized is admissible if the officer conducting the search reasonably relied on a search warrant issued by a detached and neutral magistrate." *Atkins v. Commonwealth,* 9 Va.App. 462, 464, 389 S.E.2d 179, 180 (1990). Applying *Leon,* we held in *Janis v. Commonwealth,* 22 Va.App. 646, 472 S.E.2d 649 (1996), *aff'd on reh'g en banc,* 23 Va.App. 696, 479 S.E.2d 534 (1996), that the good faith exception is not available in the following instances:

"(1) [W]here the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false, (2) the issuing magistrate totally aban-

doned his judicial role, (3) the warrant was based on an affidavit 'so lacking in indicia of probable cause' as to render official belief in its existence unreasonable or (4) where the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid."

22 Va.App. at 653, 472 S.E.2d at 653 (citation omitted). As the Supreme Court noted in *Leon*, the magistrate cannot merely ratify " 'the bare conclusions of others,' " 468 U.S. at 915, 104 S.Ct. at 3416 (citation omitted), and, thus, "[n]othing in [*Leon*] suggests ... that an officer could obtain a warrant on the basis of a 'bare bones' affidavit." *Id.* at 923, n. 24, 104 S.Ct. at 3420.

As we have explained in Part II, the affidavit required the magistrate to speculate as to a nexus between the homicides and the pistol that was the object of the search warrant. The affidavit contained no claim that the pistol alleged to have been traded to Anzualda was the weapon used to commit the homicides or even would discharge the same caliber of ammunition as the weapon used in the homicides. In addition, the affidavit contained not even a suggestion that the pistol was traded inside the residence or that the pistol was seen at the residence at any time prior to the search. In short, the "warrant [was] based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence as entirely unreasonable.' " *Id.* at 923, 104 S.Ct. at 3408 (citation omitted).

For these reasons, we hold the circuit court judge erred in refusing to suppress the evidence. Accordingly, we reverse the convictions and remand for a new trial.

*Reversed and remanded.*

HUMPHREYS, J., dissenting.

Even assuming the affidavit here was insufficient, and the related search warrant invalid, I would affirm the trial court's ruling pursuant to the good faith exception to the warrant requirement established in *United States v. Leon*, 468 U.S.

897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). I, thus, do not join the majority in its analysis or judgment.

In *Leon*, the United States Supreme Court recognized a constitutional preference that police officers seek search warrants from neutral and detached magistrates and held that "suppression of evidence obtained pursuant to a warrant [issued by a magistrate] should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." 468 U.S. at 918, 104 S.Ct. at 3418; *see also Massachusetts v. Sheppard*, 468 U.S. 981, 987–88, 104 S.Ct. 3424, 3427–28, 82 L.Ed.2d 737 (1984).

> The Supreme Court also stated [in that case] that "the exclusionary rule is designed to deter *police misconduct* ...." *Leon*, 468 U.S. at 916, 104 S.Ct. at 3417. This deterrent is not present when a police officer, acting in *objective good faith*, obtains a search warrant from a magistrate and conducts a search within the scope of the warrant. *Derr v. Commonwealth*, 242 Va. 413, 422, 410 S.E.2d 662, 667 (1991). [In Virginia,] [w]e have embraced and applied the good faith exception to the exclusionary rule: *Id.* at 422–23, 410 S.E.2d at 667; *McCary v. Commonwealth*, 228 Va. 219, 232, 321 S.E.2d 637, 644 (1984).

*Polston v. Commonwealth*, 255 Va. 500, 503, 498 S.E.2d 924, 925–26 (1998) (emphases added). Indeed, we have accepted the United States Supreme Court's implicit recognition in *Leon*, that police officers are not lawyers. Thus, we have recognized that, " '[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient.' " *Janis v. Commonwealth*, 22 Va.App. 646, 653, 472 S.E.2d 649, 653 (1996) (quoting *Leon*, 468 U.S. at 921, 104 S.Ct. at 3417).

As the majority notes, however, the exclusionary rule may still be applied in four instances. Specifically,

> (1) [W]here the magistrate was misled by information in the affidavit which the affiant knew was false or should have

known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable or (4) where the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid. *Miles v. Commonwealth*, 13 Va.App. 64, 71, 408 S.E.2d 602, 606 (1991) (quoting *Atkins v. Commonwealth*, 9 Va.App. 462, 464, 389 S.E.2d 179, 180 (1990)).

Giving short shrift to the purpose behind the *Leon* good faith exception, the majority relies upon the third exception in concluding that because 1) "the affidavit required the magistrate to speculate as to a nexus between the homicides and the pistol that was the object of the search warrant," and 2) "the affidavit contained not even a suggestion that the pistol was traded inside the residence or that the pistol was seen at the residence at any time prior to the search," the warrant was "so lacking in indicia or probable cause as to render [the officers'] official belief in its existence as entirely unreasonable." (Citations omitted). I disagree with the majority's analysis and conclusion as it pertains to circumstances presented in this appeal.

First, the record demonstrates that Anzualda did not argue below that the affidavit failed to establish a nexus between the homicides and the "pistol" at issue. In fact, Anzualda did not raise this contention as a Question Presented on appeal.[2]

---

2. Anzualda does raise as a Question Presented, a general issue stated as: "Was the search of [Anzualda's] residence violative of the Fourth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 10, of the Constitution of Virginia?" Nevertheless, Anzualda does not refer to this Question Presented in the body of his brief. Nor does he present any authority in support of this particular issue. Furthermore, Anzualda fails to state any relationship between this broad issue and its relationship to his two contentions concerning the sufficiency of the underlying affidavit. Thus, I would not consider this issue on appeal. *See* Rule 5A:20(e); *see also Thomas v. Commonwealth*, 38 Va.App. 319, 321 n. 1, 563 S.E.2d 406, 407 n. 1 (2002) (noting that mere statements, unsupported by "argument, authority or citations to the record" do not merit appellate consideration); *Dickerson v. Commonwealth*, 36 Va.App. 8, 15, 548 S.E.2d 230, 234

Instead, he merely refers to this issue in one sentence in the body of his argument in his brief on appeal. Accordingly, I would find that Anzualda has failed to preserve this issue for purposes of appeal. *See* Rule 5A:18; *Ohree v. Commonwealth,* 26 Va.App. 299, 308, 494 S.E.2d 484, 488 (1998); *Deal v. Commonwealth,* 15 Va.App. 157, 161, 421 S.E.2d 897, 900 (1992) (noting the requirements of Rule 5A:18 apply equally to constitutional claims); *see also* 5A:12(c) ("Only questions presented in the petition for appeal will be noticed by the Court of Appeals.").

Second, unlike the majority, I would limit any appellate consideration to those issues properly raised and briefed by Anzualda. Namely, whether "the search warrant affidavit [was] insufficient on its face in that it failed to set forth sufficient facts to conclude that the object of the search would be found on the premises to be searched," and whether "the affidavit for the search warrant [was] stale, the information in support thereof, having been communicated in March, 2000, while the affidavit for the search warrant was sworn to in September, 2000[.]"

As to Anzualda's first contention, the affidavit stated that "an intimate friend" of the suspect had informed the officer who swore to the affidavit, that the suspect said he had traded a pistol to an individual known as "Cowboy." [3] The affidavit further stated that the "intimate friend" informant advised the officer that "Cowboy" resided at "the place to be searched." In addition, the affidavit stated that the officer personally knew "Cowboy" to be Anzualda. Thus, the affidavit clearly provided a basis upon which a reasonable officer and/or magistrate could have inferred that the pistol, "traded" to Anzualda (a.k.a."Cowboy"), could be found at Anzualda's residence or

---

(2001); *Bennett v. Commonwealth,* 35 Va.App. 442, 452, 546 S.E.2d 209, 213 (2001); *Buchanan v. Buchanan,* 14 Va.App. 53, 56, 415 S.E.2d 237, 239 (1992).

**3.** Anzualda has raised no issue concerning the reliability of the informant, nor the officer's or magistrate's reliance upon that information, as contained in the affidavit.

"any other structures or containers" located on that particular property. *See Williams v. Commonwealth,* 4 Va.App. 53, 68, 354 S.E.2d 79, 87 (1987) (noting that, in issuing a warrant and making a probable cause determination, a magistrate may draw reasonable inferences from the material supplied to him).

Indeed, this case is unlike the case in *Janis,* where we found the *Leon* good faith exception did not apply. 22 Va.App. at 654, 472 S.E.2d at 654. In *Janis,* we determined that, because the affidavit failed to provide a nexus between marijuana being grown in a field in Dinwiddie County and the defendant's residence in Hopewell—the place to be searched—"the magistrate who issued the warrant could not reasonably have concluded that contraband would probably be found at the premises to be searched." 22 Va.App. at 652, 472 S.E.2d at 653. The affidavit "gave absolutely no indication that the fruits of criminal activity would probably be found at" the place to be searched. *Id.* at 653, 472 S.E.2d at 653. Indeed, the affidavit did not provide the address to be searched, nor did it in any way link the residence at that address to the defendant. *Id.* Accordingly, we held that the officers' belief in probable cause, based solely on the affidavit, was objectively unreasonable. *Id.*

Here, the affidavit upon which the warrant was based clearly linked Anzualda to the pistol and linked Anzualda to the place to be searched. For this reason, I would find that, as in *Leon,* the affidavit here "provided evidence sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause." *Leon,* 468 U.S. at 926, 104 S.Ct. at 3422. Thus, I would conclude that the officer obtaining the warrant and the officers conducting the search "harbored an objectively reasonable belief in the existence of probable cause," *Corey v. Commonwealth,* 8 Va.App. 281, 289, 381 S.E.2d 19, 23 (1989) (quoting *Leon,* 468 U.S. at 923, 104 S.Ct. at 3422), as it pertained to the nexus between the pistol and Anzualda's residence. *See Miles,* 13 Va.App. at 72, 408 S.E.2d at 607 (noting that we need decide only whether the

officer could *reasonably* presume the search warrant to be valid).

As to Anzualda's final contention, I would find that the officer providing the affidavit possessed an objectively reasonable belief that probable cause existed at the time the warrant was obtained, and that the "information in support of the warrant" was not stale.[4]

The Supreme Court of Virginia has explicitly held that "[t]here is no fixed standard or formula establishing a maximum allowable interval between the date of events recited in an affidavit and the date of a search warrant." *Johnson v. Commonwealth,* 259 Va. 654, 671, 529 S.E.2d 769, 778 (2000). "Instead, a warrant will be tested for 'staleness' by considering whether the facts alleged in the warrant provided probable cause to believe, at the time the search actually was conducted, that the search conducted pursuant to the warrant would lead to the discovery of evidence of criminal activity." *Id.*

Here, the affidavit (signed on September 15, 2000) was, without question, inartfully drafted. Indeed, the majority correctly notes that the affidavit failed to state when the pistol was traded. It also failed to state when the officer swearing to the affidavit received the information upon which it was based. Nevertheless, the affidavit did state that the homicides at issue took place on March 17, 2000 and were committed with a firearm shooting 9 millimeter rounds. It further stated that an individual in prison had incriminated himself in the homicides, and that the individual had traded a pistol to Anzualda in exchange for marijuana. The affidavit listed the item "to be searched for" as a "9 millimeter pistol and/or ammunition." Because the affidavit specifically listed the date of the homicides as March 17, 2000, it was not unreasonable for the officer to have concluded that the pistol, obtained sometime within the preceding six months, could still be located in Anzualda's possession.

---

4. As stated above, Anzualda has failed to preserve any issue relating to whether the affidavit provided an appropriate nexus between the pistol and the March 17, 2000 homicides. Accordingly, I would not address this issue. *See* Rule 5A:18. ·

"[T]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." *United States v. Johnson,* 461 F.2d 285, 287 (10th Cir.1972). Rather, we must look to all the facts and circumstances of the case, including the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized. *Id.*

*Perez v. Commonwealth,* 25 Va.App. 137, 141–42, 486 S.E.2d 578, 581 (1997) (quoting *United States v. McCall,* 740 F.2d 1331, 1336 (4th Cir.1984)); *see also United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965) ("Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.").

Considering the totality of the circumstances, including the nature of the property to be seized, I would find that the officer possessed an objectively reasonable belief in the existence of probable cause—namely, that "the fruits of criminal activity would probably be found at" the place to be searched—at the time the affidavit was sworn to and the warrant issued. *Janis,* 22 Va.App. at 653, 472 S.E.2d at 653; *see also Leon,* 468 U.S. at 926, 104 S.Ct. at 3447.

For these reasons, I would find that the *Leon* "good faith" exception applies to this case and I would, thus, affirm the judgment of the trial court.