EARLY N. FISHER, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0740-89-3

Decided November 13, 1990

COUNSEL

Gordon W. Poindexter, Jr. (Poindexter, Schorsch & Patterson, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Early Fisher was convicted in a jury trial of aggravated sexual battery of his six-year-old step-granddaughter. After the conviction, Fisher filed a motion for a new trial alleging that following the trial he discovered evidence which was not previously available to him and which he could not have obtained through the exercise of due diligence. Fisher asserts that the evidence discredits the complainant and upon retrial, would likely result in an acquittal. The trial court denied the motion. Fisher argues that the denial of a new trial under the circumstances was an abuse of discretion. We agree. Accordingly, we reverse Fisher's conviction and remand the case for a new trial.

"The opportunity and temptation for fraud which accompany a motion for a new trial require that such a motion be approached guardedly." *Whittington v. Commonwealth*, 5 Va. App. 212, 215, 361 S.E.2d 449, 452 (1987)(citations omitted). The four requirements which must be met before a new trial will be granted on the basis of after-discovered evidence are that: "(1) the evidence was obtained after trial; (2) it could not have been obtained prior to trial through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result at another trial." *Id.* (citing *Odum v. Commonwealth*, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983)).

Fisher's conviction rested almost exclusively upon the accusations and testimony of his six-year-old step-granddaughter. As part of the child's testimony, she drew a picture of a man depicting a figure with a penis, showing that she had an awareness of the appearance of an erect male sexual organ.

The defense did introduce evidence which challenged the child's veracity. Fisher claimed that the child fabricated the charges.

Following the trial, Fisher's son, with whom he had a strained relationship prior to and during the trial, came forward with evidence which, had it been available at trial, would have discredited the child's testimony and would have explained her familiarity with the male anatomy. The son's evidence was corroborated and supplemented by four other witnesses. They related that the child frequently was exposed to a variety of hard core pornography, that she was allowed to view explicit pornographic videos at her home, and that she was allowed to peruse pornographic magazines. The child's exposure to these materials had been ongoing for some time. Also, she had on prior occasions made sexually explicit drawings, including one where she drew a penis and told an individual that the drawing was her depiction of him. She also was observed masturbating her puppy and making it mimic sexual acts upon a stuffed animal. She was reported to be precocious with both visitors and pets and was reprimanded by her caretakers for being a "little whore." Further, there was testimony that the child was coached to draw the sexually explicit picture for the social worker, which picture was to be a depiction of the defendant. This after-discovered evidence was material to show the child's preoccupation with sexual matters and to explain that the child's source of knowledge of the male anatomy was not because of the alleged episode with her step-grandfather but was because of her extensive exposure to pornographic material.

With regard to the ability of the defense to have obtained this evidence for trial through the exercise of reasonable diligence, witnesses testified that animosity and hostility existed between the defendant and his family. They testified that family members were and would have been uncooperative in providing the defendant information which he could have used in his defense. At the time of the alleged incident, the defendant was estranged from his wife, and she lived in the home with the step-granddaughter. Fisher's son testified that his mother had instructed him not to speak to his father, the defendant. Fisher's access to this information was further limited by a court order which prohibited him from having any contact with his family members. As a consequence, Fisher's son testified that he was not informed as to the exact nature of the charges against his father. It was not until after the son had observed the trial that he was able to appreciate the nature of the information which he had in relation to the case. He testified that after the trial he felt compelled to come forward

with the evidence of what he knew concerning the pornography in the child's home, her exposure to it, and the child's conduct. This evidence, had it been available at trial, was material and highly probative in that it tended to impeach the child's allegation of molestation and explain the child's sexual awareness and knowledge. The evidence was not accessible prior to trial due to its nature, those who were privy to it, and the circumstances which precluded its disclosure.

The defendant's conviction for sexual molestation of a child was based in large part upon the allegations and testimony of a child of tender years who, it was later learned, had been exposed to materials of a sexually explicit nature and who had engaged in overt sexual behavior with human beings and animals. Such evidence was material, not merely cumulative or collateral, and could not have been, under the circumstances, obtained prior to trial through the exercise of reasonable diligence. Therefore, the defendant's conviction will be reversed and a new trial granted.

*Reversed and remanded.*

Cole, J., and Willis, J., concurred.