TERRENCE GATLING

v.

COMMONWEALTH OF VIRGINIA

No. 0939-90-1

Decided March 10, 1992

COUNSEL

Ron Smith, for appellant.

Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—Terrence Gatling, the appellant, was convicted by a jury of forcible sodomy and was sentenced to serve seven years in the penitentiary. On appeal, he contends that the trial court erred in denying his motion for a new trial based on after-discovered evidence. We agree and reverse the judgment of the trial court.

The victim, a seventeen year old first year college student, testified that on October 8, 1989, Gatling and six to nine other men raped and forcibly sodomized her in an off campus apartment. She testified that Gatling twice forced her to perform oral sodomy on him. Gatling's defense was that the oral intercourse was consensual. He testified that the victim had consensual oral and vaginal intercourse with five or six other men on the same occasion.

Prior to sentencing, Gatling filed a motion for a new trial. The parties agreed that the circumstances supporting the motion could be presented by proffer.[1] The defense proffered that Walter Neighbors, who was the victim's "big brother" at school, would testify that he was told by the victim that, although she had been raped by several other men, she could not remember what Gatling had to do with it, and that Gatling never forced her to do anything. The defense proffered that Neighbors would also testify that, although he was present at the time of the alleged rapes, he did not hear screams or crying.

 The defense attorney proffered that, before trial, he attempted to talk to Neighbors about the case, but that Neighbors

---

[1] The sufficiency of proffer as the method for presenting such evidence as this to the trial court is not before us. However, we note that this method does not put the witness himself on record and, thus, does not create a complete record for future proceedings.

refused to speak with him, stating that it was unethical for defense counsel to attempt to speak with a witness for the Commonwealth. Defense counsel asked Neighbors to call the Commonwealth's Attorney for advice in that regard. Neighbors did so, and the Commonwealth's Attorney advised him that there was no impropriety in his talking to defense counsel. Nonetheless, Neighbors continued to refuse to speak with defense counsel, saying that, although he understood he could properly do so, he did not want to. Neighbors attended the trial on summons by the Commonwealth, but was not called as a witness. The defense counsel proffered that, not knowing what Neighbors would say, he was unwilling to call him as a defense witness. It was only after trial that Neighbors came forward to the defense counsel and gave the information contained in his proffered testimony.

> Motions for new trials based on after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance. . . . The applicant bears the burden to establish that the evidence (1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial.

*Stockton v. Commonwealth*, 227 Va. 124, 149, 314 S.E.2d 371, 387, *cert. denied*, 469 U.S. 873 (1984) (citation omitted). *See also Carter v. Commonwealth*, 10 Va. App. 507, 512-13, 393 S.E.2d 639, 642 (1990).

> Before setting aside a verdict, the trial court must have evidence before it to show in a clear and convincing manner "as to leave no room for doubt" that the after-discovered evidence, if true, would produce a different result at another trial.

*Carter*, 10 Va. App. at 513, 393 S.E.2d at 642.

It is not disputed that Neighbors' proffered testimony was not discovered until he came forward and disclosed it subsequent to trial.

Before trial, defense counsel twice called Neighbors to discuss what he knew about the case and was twice refused. Defense counsel urged Neighbors to seek the advice of the Commonwealth's Attorney as to the propriety of submitting to an interview. This effort failed to overcome Neighbors' refusal to talk. Defense counsel obtained permission from the Commonwealth's Attorney to review the witness statements in the Commonwealth's Attorney's file. This effort did not reveal that Neighbors would provide the proffered testimony. We hold that the defense attorney exercised due diligence in seeking to learn, prior to trial, what Neighbors would say. The Commonwealth argues that Neighbors was available at trial and could have been called by the defense as a witness. We hold that it is unreasonable to require, as an exercise of due diligence, that defense counsel call to the witness stand a witness as to whose testimony he is uninformed.

Neighbors' proffered testimony would not have been merely cumulative, corroborative or collateral. The appellant's testimony stood alone in asserting his defense of consent. The accusation of the victim contradicted him. The testimony of Neighbors, who stood in a special relationship to the victim, would have tended to depreciate the credibility of her account and to enhance the appellant's.

Neighbors' proffered testimony was material. The appellant's conviction was based altogether on the testimonial accusation of the victim. Neighbors stood in a special, advisory and protective relationship to the victim. It was to be expected that she would confide in him and tell him the truth. It was to be expected that he would be sympathetic to her and resentful of a crime against her. His proffered testimony, describing her failure to make outcry or complaint at the time of the alleged rape and sodomy and her statement to him exonerating the appellant, would have weighed heavily in the assessment of her credibility and the appellant's. We find no room for doubt that Neighbors' testimony, if believed, should produce a different result at another trial of the charge against the appellant.

We hold that the trial court erred in denying the appellant's motion for a new trial on the ground of after-discovered evidence.

The judgment of the trial court is reversed, and this case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., and Bray, J., concurred.