COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


ANTONIO PEREZ
                                         OPINION
v.        Record No. 1235-96-1    BY JUDGE JOSEPH E. BAKER
                                         JULY 1, 1997
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    John E. Clarkson, Judge

          Douglas Fredericks for appellant.

          Steven A. Witmer, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Antonio Perez (appellant) appeals from his bench trial

convictions by the Circuit Court of the City of Norfolk (trial

court) for possession of cocaine with intent to distribute and

possession of a firearm while in possession of cocaine with

intent to distribute.  At trial, appellant pled guilty to the

charges.  However, he reserved the right to appeal to this Court

on the sole issue of whether the trial court erred in refusing to

suppress evidence[1] found in appellant's apartment following a

search conducted pursuant to a search warrant issued eleven days

after the police first acquired probable cause to make the

search.

     Appellant contends that the search warrant was issued in

_____

     [1]Appellant possessed 7.6 grams of cocaine, packaging materials,
digital scales, a pistol, a rifle, a pager, a police scanner, and
several dogs, including a Pit Bull, a Rottweiler, a Chow and three
puppies.

violation of his rights granted by the Fourth Amendment to the Constitution of the United States because it was based upon stale information (eleven days old).[2] See United States v. McCall, 740 F.2d 1331 (4th Cir. 1984) (evidence seized pursuant to a warrant supported by "stale" probable cause is not admissible in a criminal trial to establish the defendant's guilt). We must decide whether the facts alleged in the warrant furnished probable cause to believe that criminal activity existed at appellant's residence when the magistrate issued the warrant. Viewing the totality of the evidence presented to the trial court, we find no error in the trial court's refusal to suppress the evidence.

On appeal from a magistrate's probable cause determination, the standard of review is "whether, considering the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed." Williams v. Commonwealth, 4 Va. App. 53, 68, 354 S.E.2d 79, 87 (1987). The record discloses that on December 9, 1994, Norfolk Police Officers Hoggard and Alvarez were at the Chesapeake Manor apartment complex attempting to serve John Zavala with an

---

[2]In his petition for appeal, appellant raised only this issue. This Court granted review solely on this issue. In his brief, however, appellant raises three additional issues. Rule 5A:12(c) provides that "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals." See Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991). We did not grant appellant an appeal on the additional issues raised in his brief and will not address them.

outstanding capias when Zavala broke away from them. Zavala ran to apartment A at 868 Denison Avenue. Zavala opened the apartment screen door and coaxed a Pit Bull housed inside the apartment to attack the officers. The officers repelled the Pit Bull attack until an unknown person called the Pit Bull away from them. The officers also observed a Rottweiler and a Chow inside the apartment.

Hoggard reported the incident to Humane Officer Kumpf of the Animal Control Bureau, who removed and impounded the Pit Bull, Rottweiler, and Chow on the same day. Kumpf impounded the three dogs because they had no defined owner. While at the apartment, Kumpf observed five puppies confined in a closet. The puppies were standing in their own feces with no food or water. However, Kumpf did not impound the puppies.

On December 10, 1994, appellant appeared at the S.P.C.A. where the dogs were confined, acknowledged ownership of the dogs, and provided proof thereof. Kumpf permitted appellant to take the dogs with him. On either December 12 or 13, Kumpf advised Hoggard that he had released the dogs because without an outstanding arrest warrant charging appellant with a dog-related offense, Kumpf was not authorized to retain them.

On December 15, 1994, Hoggard procured an arrest warrant that charged appellant with permitting a vicious dog to run at large. Hoggard did not obtain the arrest warrant until December 15 because he was handling other cases or had days off during the

period between December 10 and December 15.  Hoggard testified

that his "command doesn't approve of us coming in on days off to

execute a misdemeanor warrant."  On December 17, Hoggard and

Kumpf discussed the viciousness of the Pit Bull and the arrest

warrant Hoggard had obtained.  Kumpf informed Hoggard that he

would obtain a search warrant for the premises where the vicious

Pit Bull was housed.

Kumpf swore out an affidavit to obtain the search warrant

which alleged "[m]aintaining a vicious dog" and "[f]ailure to

perform the duties of dog ownership."  It contained the following

statement as probable cause for its issuance:

> On 12/9/94, Inv. G.S. Hoggard was
> attempting to arrest an individual in the 800
> block of Denison Avenue Norfolk Virginia.
> The subject attempted to enter 868 #A Denison
> Avenue where the subject incited a pitbull
> [sic] inside the dwelling to attack the
> officer.  The dog was restrained by another
> subject inside the dwelling.  The incident
> accured [sic] at 2:15 PM 12/9/94.  At 4:15,
> your affiant, Humane Officer II M.T. Kumpf,
> went to the residence at 868 #A Denison
> Avenue Norfolk Virginia 23513 to determine if
> the dog in question was licensed and
> vaccinated against rabies.  A total of eight
> dogs were inside the residence at 868 #A
> Denison Avenue.  A pitbull [sic], Chow, and a
> Rottweiler mix were free roaming inside the
> residence and charged at the screendoor [sic]
> attempting to attack this officer.  The
> custodian of the dogs identified the owner as
> Anotonio [sic] Perez.  After being given
> consent to inspect the residence, the
> remaining five dogs were observed contained
> in a closet space.  The dogs appeared to be
> approximately 8-9 week old pitbull [sic]
> puppies.  No food or water was evident.  The
> floor of the closet had numerous piles of
> feces which the puppies were standing in.  In
> this officer's experience, these conditions

and breeds of dogs are commonly used for fighting and training to fight.

On 12/15/94, Inv. G.S. Hoggard secured a viciousdog [sic] warrant for Antonio Perez. (attached).

Based upon the evidence presented, the trial court refused to suppress the evidence obtained as a result of the search.

United States v. McCall, 740 F.2d 1331 (4th Cir. 1984), cited by appellant, supports the judgment of the trial court. In McCall, a seven- to eight-month delay occurred between the observance of facts constituting a basis for determining probable cause to obtain the search warrant and the time the search warrant affidavit was executed. Id. at 1334. In holding that the facts supporting the search warrant were not so "stale" as to present an impropriety rising to the level of a Fourth Amendment violation, the Court said:

> Cases in which staleness becomes an issue arise in two different contexts. First, the facts alleged in the warrant may have been sufficient to establish probable cause when the warrant was issued, but the government's delay in executing the warrant possibly tainted the search. (Citations omitted). Second, the warrant itself may be suspect because the information on which it rested was arguably too old to furnish "present" probable cause. (Citations omitted.) A reviewing court's task in each category of cases is slightly different. In testing a warrant in the first category, it must decide whether a valid warrant became invalid due to the lapse of time; when considering those in the second category, it must determine whether information sufficient to constitute probable cause was ever presented. The court's fundamental concern, however, is always the same: did the facts alleged in the warrant furnish probable cause to believe, at the time the search was actually conducted, that evidence of criminal

activity was located at the premises searched?

> This question is not resolved by reference to pat formulas or simple rules. "[T]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." United States v. Johnson, 461 F.2d 285, 287 (10th Cir. 1972). Rather, we must look to all the facts and circumstances of the case, including the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized. Id.

Id. at 1336.

In the case before us, appellant's sole contention is that the eleven days that passed between the initial sighting of the vicious dog and the procurement of the warrant per se requires this Court to declare the search warrant invalid. Appellant asserts that the evidence presented to the magistrate was "too stale" to furnish probable cause to believe the criminal activities of maintaining or allowing a vicious dog to run at large and failure to perform the duties of dog ownership still existed when the warrant was issued. We disagree. Nothing in the nature of the activity or the property to be seized suggests that the mere passage of eleven days dissipated the probable cause which existed on December 9. The facts contained in Kumpf's affidavit provided a substantial basis for the magistrate to conclude on December 20, 1994, that probable cause existed to search the 868 #A Denison Avenue apartment.

Upon consideration of all the facts and circumstances, we find that the magistrate's issuance of the search warrant was

supported by probable cause.   Accordingly, the judgment of the

trial court in refusing to suppress the evidence discovered

pursuant to the authority of the search warrant is affirmed.

<u>Affirmed.</u>