COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bray and Senior Judge Overton
Argued at Norfolk, Virginia


MICHAEL EUGENE WILLIAMS
                                        MEMORANDUM OPINION*
v.      Record No. 2784-97-1      BY JUDGE NELSON T. OVERTON
                                           MARCH 30, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                     Randolph T. West, Judge

          Charles E. Haden for appellant.

          Richard B. Smith, Assistant Attorney General
          (Mark L. Earley, Attorney General, on
          brief), for appellee.


     In a bench trial, Michael Eugene Williams (appellant) was

convicted of robbery, malicious wounding, and two counts of

using a firearm in the commission of a felony.  On appeal,

appellant challenges the trial court's refusal to consider, in

ruling upon his motion for a new trial, an affidavit from an

alleged eyewitness to the incident.  Finding no error, we affirm

appellant's convictions.

                     FACTS AND PROCEEDINGS

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

_____

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

At the beginning of appellant's trial, the trial court asked appellant if he had any witnesses to call in his behalf. Appellant responded, "Yes I have one, but I don't know his name." Appellant claimed that he saw the witness every day. Appellant indicated that he was prepared to proceed with the trial nonetheless.

The Commonwealth's evidence proved that on the morning of April 22, 1997, Anthony Sterling and his cousin were approached on the street by three men. Appellant, with whom Sterling was well acquainted, was one of the three men. Sterling and appellant conversed briefly. As Sterling and his cousin turned to continue on their way, one of the men with appellant, identified by Sterling as "Antoine," pointed a gun at Sterling's face. Antoine ordered Sterling to empty his pockets and lie on the ground. Sterling said they could have what was in his pockets, but he refused to lie on the ground.

Appellant said, "Get his shit. Get his shit." Appellant took Sterling's watch and the money from one of Sterling's pockets. The third assailant patted Sterling's other pocket. Sterling pushed away the third man and ran. As Sterling fled, he was struck by a bullet in the right leg. Sterling heard appellant say, "Shoot him. Shoot his ass."

Testifying in his own behalf, appellant claimed that he was present when the incident began, but that he was not involved. Appellant stated that on the morning of April 22, 1997, he was trying to "score a bag of heroin" for his own personal use from Sterling. Appellant said he had seventeen dollars "exactly." He encountered "Twan" and "Mo" on the street, and they followed him to Sterling. Before appellant could make the purchase, he testified, "Twan and Mo pulled out the gun." Appellant stated that he ran away as Twan and Mo started searching Sterling's pockets. Appellant denied taking anything from Sterling. The trial court rejected appellant's account of the event and found him guilty of the charged offenses.

On October 28, 1997, appellant made an oral motion for a new trial based upon newly discovered evidence. Defense counsel stated that since the trial, Betty Jackson had come forward with information about the incident and had sworn an affidavit.[1]

_____

[1]Jackson's affidavit stated:

> 1. My name is Betty Jackson. I am giving this affidavit on behalf of Michael Eugene Williams.
> 2. On August 8, 1997, I gave Michael Williams eighteen dollars for him to buy me some cocaine. He bought from Mr. Sterling and when he turned to leave, two other fellows robbed Mr. Sterling, and shot him.
> 3. Michael was not involved in the robbery at all.
> 4. I had moved and Michael did not know where I was so he could not find me until now. I came forward after I heard he was found guilty of something he did not do.

Jackson was present in court that day.  Due to time constraints, the trial court refused to hear appellant's motion that day, but required Jackson to provide her address, telephone number, and place of employment so that the defense could subpoena her for a future hearing.

By agreement of counsel, the hearing upon appellant's motion was scheduled for November 18, 1997.  Although a witness subpoena was served by posting upon Jackson, she failed to appear at the hearing.  Appellant asked to continue the matter, but the court refused.  In response to appellant's request for a ruling on his motion for a new trial "based on the affidavit," the court stated:

> I was going to, on your motion, this morning
> just reopen the trial, was what I was going
> to do, not grant a new trial.  I was going
> to reopen and let her testify, but since
> she's not here, you know, I can't do
> anything about that.

The trial court denied appellant's motion for a new trial, and proceeded to sentence appellant.

ANALYSIS

In his brief, appellant contends that "the trial court should have either granted a continuance to get Jackson into court or else ruled that the witness was 'unavailable.'"  Whether the trial court committed reversible error by denying appellant's continuance request was neither an issue raised as a

"question presented" in appellant's petition for appeal nor an issue upon which this Court granted appellate review. See Rule 5A:12(c) ("[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals"). See also Perez v. Commonwealth, 25 Va. App. 137, 139 n.2, 486 S.E.2d 578, 579 n.2 (1997). Furthermore, appellant did not argue in the lower court that the trial judge should consider Jackson's affidavit because she was unavailable to appear as a witness. The Court of Appeals will not consider an argument on appeal which was not presented to the trial court. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18). Accordingly, we will not address these two questions.

The sole issue remaining for our determination is whether the trial court erred in refusing to consider Jackson's affidavit before ruling upon appellant's motion for a new trial.

> "Motions for new trials based on after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance. . . . The applicant bears the burden to establish that the evidence (1) appears to have been discovered subsequent to trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial."

- 5 -

Hopkins v. Commonwealth, 20 Va. App. 242, 249, 456 S.E.2d 147, 150 (1995) (en banc) (citation omitted).

Even if the affidavit constituted evidence the trial court properly could have considered in ruling upon appellant's motion, a question we do not decide here,[2] the affidavit's contents did not mandate a new trial for appellant. Jackson's affidavit states that two men, not including appellant, robbed Sterling on August 8, 1997, almost four months after the robbery and other crimes with which appellant was charged. Thus, the affidavit on its face is immaterial to the crimes of which appellant was convicted.

Moreover, the affidavit is inconsistent with appellant's testimony in significant aspects. Jackson states in the affidavit that appellant bought eighteen dollars worth of cocaine from Sterling on her behalf just before the robbery. Appellant testified that he approached Sterling to buy heroin for his own use, that he had seventeen dollars to make the purchase, but that Twan and Mo robbed Sterling before he obtained the drugs. These glaring inconsistencies serve to undermine, rather than strengthen, appellant's testimony, which the trial court chose to discredit.

---

[2] "Affidavits are not generally admitted as a hearsay exception solely because they are affidavits." 2 Charles E. Friend, The Law of Evidence in Virginia § 18-28 (4th ed. 1993).

Furthermore, if Jackson's affidavit accurately describes the robbery of Sterling, then appellant would have known of Jackson's testimony before trial.  If appellant had been purchasing drugs for her from Sterling just before the robbery, appellant would have been well aware of that fact and that Jackson's testimony might prove valuable to him.  Thus, any information Jackson could provide would not qualify as after-discovered evidence.

We find that the trial court did not abuse its discretion in denying appellant's motion for a new trial.  Accordingly, appellant's convictions are affirmed.

Affirmed.