COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


MARIO A. BUSTILLO

v.   Record No. 2321-98-4

COMMONWEALTH OF VIRGINIA

                                    MEMORANDUM OPINION[*] BY
                                JUDGE RUDOLPH BUMGARDNER, III
MARIO A. BUSTILLO                        APRIL 11, 2000

V.   Record No. 2422-98-4

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Gerald Bruce Lee, Judge

          John C. Kiyonaga (Kiyonaga & Kiyonaga, on
          briefs), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     A jury convicted Mario A. Bustillo of first degree murder.

On appeal, he contends the trial court erred in denying his

motion to set aside the verdict based upon after-discovered

evidence.  For the following reasons, we affirm.

     The evidence in the light most favorable to the

Commonwealth proved that Michelle Gutierrez, Jesse Konstanty,

Valaria Landaeta, and the victim, James Merry, were sitting

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

together in a restaurant when a group of young men entered and confronted the victim and Konstanty. The group were members of the Locos gang. Gutierrez recognized the defendant as well as a man known as Sirena and two others. When she convinced them that the people they wanted were not there, the group left. Shortly afterwards, the victim went outside to smoke a cigarette. While the victim was standing and smoking, the defendant ran up behind him with a baseball bat and smashed his head. The victim died from the blow.

Gutierrez, Konstanty, and Landeata identified the defendant as the assailant. During police interviews, no one including members of the gang claimed that Sirena was the assailant. The defendant presented an alibi defense, and one gang member testified that Sirena, not the defendant, was the assailant.

The defendant filed a motion to set aside the verdict based upon (1) insufficient evidence, (2) newly discovered evidence, (3) illegally obtained evidence, and (4) a Brady violation. After a day-long hearing, the trial court denied the motion and subsequently sentenced the defendant on July 24, 1998. The defendant filed a renewed motion to strike that the trial court denied by letter opinion dated October 7, 1998.

This Court granted an appeal limited to the fourth issue presented in the petition for appeal: whether the trial court erred in denying the motion to set aside the verdict based on after-discovered evidence. The writ limited the issues to those

-

raised in the first motion to set aside the verdict. Accordingly, we review the denial of the motion based upon the after-discovered evidence of Geovany Hernandez, Marvin Escobar, Jose Maldonado, and Valaria Landaeta. We do not address the additional arguments that the defendant inserted in his brief but which were not part of issues specified in the writ of error. See Rule 5A:12; Perez v. Commonwealth, 25 Va. App. 137, 139 n.2, 486 S.E.2d 578, 579 n.2 (1997).

A new trial based upon after-discovered evidence may be granted under limited circumstances where the defendant shows that the evidence (1) was discovered after trial, (2) could not have been secured for trial with the exercise of due diligence, (3) is not merely cumulative, corroborative or collateral, and (4) is material and likely to produce a different result at another trial. See Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983). "Motions for new trials . . . are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance." Stockton v. Commonwealth, 227 Va. 124, 149, 314 S.E.2d 371, 387, cert. denied, 469 U.S. 873 (1984). In order for the trial court to grant a new trial, the defendant must meet all the requirements for after-discovered evidence. See Wilson v. Commonwealth, 25 Va. App. 263, 275, 487 S.E.2d 857, 863 (1997).

-

The defendant submitted the affidavits of Hernandez and Escobar in support of his motion to set aside the verdict. Both were members of the Locos gang and at the post-trial hearing testified that Sirena hit the victim with the bat. The trial court found that the defendant knew the essence of their testimony before trial. The defendant's counsel had spoken to both of them before trial, and both told him the defendant did not hit the victim. The trial court also found that their evidence naming Sirena as the assailant was available through due diligence.

The defendant argues that neither Hernandez nor Escobar implicated Sirena during their interviews with the defendant's counsel. The defendant contends their reluctance to implicating Sirena before trial prevented him from discovering the extent of their exculpatory testimony and cites Gatling v. Commonwealth, 14 Va. App. 60, 414 S.E.2d 862 (1992), and Fisher v. Commonwealth, 11 Va. App. 302, 397 S.E.2d 901 (1990).

In both Gatling and Fisher, the defendant was convicted of a sexual offense against a minor and the Commonwealth's evidence consisted primarily of the victim's testimony. In Gatling, the only evidence incriminating the defendant came from the seventeen-year-old victim of a gang rape in her dorm room. The defendant, whose defense was consent, proffered that the victim told a close friend that she could not recall what the defendant had to do with the rape. The defendant's counsel had twice

-

attempted to interview the friend before trial, but the friend refused to talk with the attorney. In Fisher, the after-discovered evidence indicated the six-year-old victim was familiar with male anatomy, a fact not known at trial.

At trial neither Gatling nor Fisher knew the essential information provided by the after-discovered evidence. However in this case, the defendant before the trial knew the essential information that these witnesses could provide: the defendant did not strike the victim. In addition, the defendant at trial presented the specific detail that Sirena was the assailant through another witness. The record supports the trial court's ruling that the essential information was available and the information that Sirena was the assailant was available through due diligence.

The defendant next argues that the trial court erred in denying his motion because Jose Maldonado's testimony was exculpatory and not previously known or available to the defendant. Maldonado was also a member of the Locos gang, but he did not testify at trial. At the post-trial hearing, he testified that the defendant did not attack the victim, but he also stated he had told this to the defendant's father before the trial. Maldonado said that he did not speak up until after the trial because no one asked him. This testimony was cumulative of that presented at trial, and itself shows the

-

defendant did not exercise due diligence because Maldonado told the defendant's father before trial.

Finally, the defendant argues that Landeata perjured herself when she testified that the defendant assaulted the victim. When the defendant seeks a new trial on the ground that a material witness committed perjury at trial, he must prove the perjury with clear and convincing evidence. See Mundy v. Commonwealth, 11 Va. App. 461, 481, 390 S.E.2d 525, 536, aff'd en banc, 399 S.E.2d 29 (1990), cert. denied, 502 U.S. 840 (1991).

The defendant submitted two affidavits from other gang members who claimed that Landeata had recanted her trial testimony implicating the defendant. At the hearing on the motion, Landeata explained her post-trial statement and reaffirmed that the defendant struck the victim. The trial court believed Landaeta and found that the defendant failed to establish by clear and convincing evidence that she perjured herself at trial. "[T]he finding of the judge, upon the credibility of the witnesses and the weight to be given their evidence, stands on the same footing as the verdict of a jury, and unless that finding is plainly wrong, or without evidence to support it, it cannot be disturbed." Yates v. Commonwealth, 4 Va. App. 140, 143, 355 S.E.2d 14, 16 (1987) (citation omitted). The evidence supports the findings of the trial court.

-

For the reasons stated, we affirm the conviction.

<u>Affirmed.</u>