COURT OF APPEALS OF VIRGINIA

Present:  Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


DONTE WARD

MEMORANDUM OPINION[*] BY
v.   Record No. 0306-02-1      JUDGE RUDOLPH BUMGARDNER, III
                                      APRIL 15, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

(Sonya A. Weaver; Weaver Law Offices, on
brief), for appellant.  Appellant submitting
on brief.

Amy L. Marshall, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


The trial court convicted Donte Ward of two counts each of
robbery, malicious wounding, and use of a firearm in the
commission of robbery.  He challenges the sufficiency of the
evidence supporting his conviction of maliciously wounding
Georgia Heath, Code § 18.2-51.  Finding the evidence sufficient,
we affirm.

On appeal, we review the evidence and the reasonable
inferences therefrom in the light most favorable to the
Commonwealth.  Commonwealth v. Taylor, 256 Va. 514, 516, 506
S.E.2d 312, 313 (1998).  The defendant, Jamall Mabry, and Larry

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mabry were passengers in a car looking for someone to rob. They saw an elderly couple and decided to attack them. Both Mabrys had guns. Two of the men attacked Dillard White. They threw him to the concrete, kicked him, and took his wallet containing $700. One man said, "put the gun on him," and White heard a click.

When Georgia Heath came upon the attack, the third member of the group attacked her. He jerked her purse off her arm and "slung" her against the building. After she fell to the ground, the attacker approached with a "big long knife" and grabbed her necklace. Heath cut two fingers and sustained bruises from her leg to her shoulder.

The defendant told police he was with the Mabrys when they spotted the elderly couple, and one of them said, "Let's . . . get them." He knew both Mabrys had guns. The defendant and Larry Mabry approached White, and Jamall Mabry approached Heath. Larry Mabry wrestled White to the ground, and Jamall Mabry kicked him in the stomach and took his wallet. Jamall Mabry also took the purse. The defendant maintains he was not armed, but he admits he received $25 after the attack.

The defendant argues the Commonwealth failed to prove he had the intent to maim, disfigure, disable, or kill Heath. He maintains the evidence "does not warrant the presumption that the defendant anticipated or expected that the taking of a purse

would result in serious injury."  However, the evidence, corroborated by the defendant's own statement, proved the three men acted in concert.

> "If there is concert of action with the resulting crime one of its incidental probable consequences, then whether such crime was originally contemplated or not, all who participate in any way in bringing it about are equally answerable and bound by the acts of every other person connected with the consummation of such resulting crime."

Hampton v. Commonwealth, 34 Va. App. 412, 418, 542 S.E.2d 41, 44 (2001) (citation omitted).  The three men planned the robbery and selected their two victims.  Two of them attacked White, repeatedly kicked him, and threatened to use a gun.  The third man snatched Heath's purse, slung her into the wall, and then went at her with a knife.  The group only fled after they succeeded in stealing White's wallet.

"The concert of action doctrine is essentially a restatement of the 'natural and probable consequences' doctrine. . . .  In effect, the participant who does not cause the ultimate harm is a principal in the second degree to the participant who does cause that harm."  Roger D. Groot, Criminal Offenses and Defenses in Virginia 91 (4th ed. Supp. 2002).  The Commonwealth proceeded against the defendant as a principal in the second degree.  Each participant became accountable for the incidental crimes committed by the other participants even

- 3 -

though they were not originally or specifically designed.  Each person acting in concert is jointly liable for the conduct of the others that is "'connected with the consummation of the resulting crime.'"  Hampton, 34 Va. App. at 418, 542 S.E.2d at 44 (quoting Ascher v. Commonwealth, 12 Va. App. 1105, 1128, 408 S.E.2d 906, 920 (1991)).

The trial court found malice and stated, "when you throw a lady of that age against a wall, it certainly has malice with robbery, and I think you could foresee the injury."  The evidence of the nature of the attack permits that finding. "Where a victim is significantly weaker than an aggressor, a physical attack is more likely to cause severe bodily injury." Campbell v. Commonwealth, 12 Va. App. 476, 485, 405 S.E.2d 1, 5 (1991) (en banc).  See also Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977) (whether malice exists is a question of fact).  In addition, the use of deadly weapons against the victims permitted the trial court to infer malice. Satcher v. Commonwealth, 244 Va. 220, 257, 421 S.E.2d 821, 843 (1992).

All three men acted in concert and participated in the robberies.  It does not matter which one inflicted which blows. The defendant was a principal in the second degree to the

- 4 -

malicious wounding of Heath whether he struck her or not.[1]

Accordingly, we affirm.

Affirmed.

---

[1] In his brief, the defendant challenges the sufficiency of the evidence on the remaining charges. He was not granted an appeal on those issues, and we will not address them. Rule 5A:12(c); Perez v. Commonwealth, 25 Va. App. 137, 139 n.2, 486 S.E.2d 578, 579 n.2 (1997).