COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Haley
Argued at Salem, Virginia


MARK EDWARD KIMBERLIN

MEMORANDUM OPINION[*] BY

v. Record No. 2337-03-3 JUDGE JAMES W. HALEY, JR.
APRIL 12, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
Charles H. Smith, Jr., Judge Designate

R. Creigh Deeds (R. Creigh Deeds, P.C., on brief), for appellant.

Richard B. Smith, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


In a jury trial, Mark Edward Kimberlin (appellant) was convicted of a third or subsequent

offense of driving on a suspended or revoked license and unauthorized use of a motor vehicle.

We granted an appeal to consider whether the trial court erred in admitting, at the guilt phase of

trial, an unredacted copy of appellant's driving transcript from the Department of Motor Vehicles

(DMV).[1] Finding no reversible error, we affirm appellant's convictions.

BACKGROUND

Appellant was tried upon indictments charging him with failing to stop at the scene of a

motor vehicle accident, driving on a revoked or suspended license as a third or subsequent

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On brief, appellant argues the evidence was insufficient to support his conviction of
unauthorized use. We did not grant appellant an appeal on this issue, and we will not consider it.
See Rule 5A:12(c); Perez v. Commonwealth, 25 Va. App. 137, 139 n.2, 486 S.E.2d 578, 579 n.2
(1997). Moreover, in denying appellant's petition for appeal on this issue, this Court found the
evidence, in the exclusion of appellant's DMV transcript, sufficient to support his conviction of
unauthorized use.

offense, and grand larceny of a motor vehicle. All the charges arose from appellant's possession and operation of Mark Horn's vehicle on October 19, 2002.

At the guilt phase of trial, the trial court admitted certified copies of general district court orders indicating appellant twice had been convicted of driving on a suspended or revoked license. The Commonwealth also introduced a copy of appellant's DMV transcript to prove appellant's driver's license was suspended on the date of the offenses. Appellant objected that the transcript was irrelevant and prejudicial as it contained information unrelated to his prior convictions of driving on a suspended license. The trial court admitted the driving record and refused to redact information regarding convictions or circumstances unrelated to the driving while suspended charge. However, the trial court gave the jury the following limiting instruction concerning the DMV transcript:

> I will direct the jury to disregard information that is not, about other offenses that are not relevant. It's being offered . . . by the Commonwealth only to show that the defendant was in a suspended status at the time of this offense. Any evidence or prior traffic offenses is [sic], you should disregard.

Testifying in his own behalf at the guilt phase, appellant admitted his license was suspended at the time he drove Horn's vehicle on October 19, 2002 and that he previously had been convicted of driving on a suspended license twice. Appellant also admitted having four felony convictions.

At the conclusion of the evidence at the guilt phase, the trial court granted appellant's motion to strike and reduced the grand larceny charge to unauthorized use. The jury convicted appellant of unauthorized use and driving on a suspended license, but acquitted appellant of failing to stop at the scene of a motor vehicle accident. After hearing evidence related to sentencing, the jury recommended sentences of five years for unauthorized use and twelve months for driving while suspended.

- 2 -

DISCUSSION

Appellant contends the trial court erred in admitting his unredacted driving record at the guilt phase of trial.[2] "It is well settled that evidence of other crimes or bad acts of an accused is generally inadmissible in a criminal prosecution." Wilkins v. Commonwealth, 18 Va. App. 293, 297, 443 S.E.2d 440, 443 (1994) *(en banc).* "The purpose of this rule is to prevent confusion of offenses, unfair surprise to the defendant and a suggestion of 'criminal propensity,' thus preserving the 'presumption of innocence.'" Crump v. Commonwealth, 13 Va. App. 286, 289, 411 S.E.2d 238, 240 (1991) (quoting Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)). However, "the exceptions to the general rule are as well established as the rule itself." Rodriguez v. Commonwealth, 249 Va. 203, 206, 454 S.E.2d 725, 727 (1995) (citation omitted).

> [E]vidence of other crimes may be admissible if introduced to prove an element of the offense charged, or to prove any number of relevant facts, such as motive, intent, agency, or knowledge. Other crimes evidence may also be admissible when the charged crime is part of a general scheme and proof of that fact is relevant to prove an element of the offense, or to prove or explain how the crime was accomplished.

Wilson v. Commonwealth, 16 Va. App. 213, 220, 429 S.E.2d 229, 234, aff'd on reh'g en banc, 17 Va. App. 248, 436 S.E.2d 193 (1993).

The Commonwealth does not assert, and we do not find, that any exception to the general rule of exclusion applied to the portions of appellant's DMV transcript unrelated to the suspension of his license and prior convictions for driving while suspended. Nonetheless, even assuming the trial court erred in admitting the unredacted DMV transcript, such error does not necessarily compel reversal of appellant's convictions. "A criminal conviction shall not be

---

[2] Appellant concedes evidence of his prior convictions would have been admissible at the sentencing phase of his jury trial. See Code § 19.2-295.1.

reversed for an error committed at trial when 'it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Hanson v. Commonwealth, 14 Va. App. 173, 189, 416 S.E.2d 14, 23 (1992) (quoting Code § 8.01-678).

> A nonconstitutional error is harmless if "it plainly appears from the record and the evidence given at trial that the error did not affect the verdict." "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that had the error not occurred, the verdict would have been the same."

Scott v. Commonwealth, 18 Va. App. 692, 695, 446 S.E.2d 619, 620 (1994) (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*)).[3]

Where the other evidence of guilt is "so overwhelming and the error so insignificant by comparison that the error could not have affected the verdict," the error may be considered harmless. Hooker v. Commonwealth, 14 Va. App. 454, 457 n.2, 418 S.E.2d 343, 345 n.2 (1992). Even in the absence of the DMV transcript, the evidence overwhelmingly proved appellant guilty of a third or subsequent offense of driving on a suspended license. Appellant testified his license was suspended when he drove Horn's vehicle and that he previously had been convicted twice of

---

[3] Appellant contends the trial court's error was of a federal constitutional dimension, thus invoking the more stringent "beyond a reasonable doubt" standard for harmless error. See Lavinder, 12 Va. App. at 1005, 407 S.E.2d at 911. Appellant did not contend at trial that admission of his driving record involved an infringement upon his constitutional rights, and we will not consider such an argument here. See Rule 5A:18.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

driving on a suspended license. In addition, the Commonwealth introduced two conviction orders indicating appellant's prior convictions for driving on a suspended license.

Moreover, the trial court cautioned the jury to disregard evidence of other offenses contained in the DMV transcript and consider only the fact that appellant's license was suspended. Because the record does not contain any contrary indication, we "presume that the jury followed an explicit cautionary instruction promptly given." LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983).

CONCLUSION

For the foregoing reasons, we find any error in the admission of the DMV transcript was harmless. Accordingly, appellant's convictions are affirmed.

Affirmed.

Benton, J., concurring, in part, and dissenting, in part.

At the guilt phase of the trial, Mark Kimberlin testified that his "license was suspended at the time [he] drove Mark Horn's truck" and that twice he had been convicted of driving on a suspended license. For the reasons stated in the majority opinion, I agree the trial judge's error in admitting the unredacted transcript of Kimberlin's record as compiled by the Department of Motor Vehicles was harmless concerning the conviction for driving on a suspended license as a third or subsequent offense.

I would hold that the error was not harmless, however, with respect to the conviction for unauthorized use of a motor vehicle. The evidence relating to this charge was disputed and required the jury to determine which witnesses, including Kimberlin, were more credible. The complaining witness was a substance abuser and was incarcerated on an unrelated offense when he testified. As the record indicates, Kimberlin testified and told the jury he had been convicted of four felonies.

The unredacted transcript contained ten pages of convictions showing both a wide range of motor vehicle related offenses and twenty-two convictions for "non-motor vehicle related" offenses. This evidence certainly had an effect on the jury. "If the judge admits a defendant's uncharged misconduct and the jury thereby learns of the record, the jury will probably use a 'different . . . calculus of probabilities' in deciding whether to convict." Edward J. Imwinkelried, Uncharged Misconduct Evidence § 1:02 (2004) (citing studies and cases) (footnotes omitted). The use of this record "stigmatizes the defendant and predisposes [a] jury to finding him . . . guilty." Id. Indeed, by admitting Kimberlin's extensive record of other convictions, the trial judge put the jury in an impossible position by asking the jury to ignore a mountain of evidence that tended to show Kimberlin was a person of unredeemable bad character. This overwhelming

evidence of his bad character was manifestly prejudicial as the jury was determining his guilt or innocence as to the charge of unauthorized use of the vehicle.

Moreover, this was not an inadvertent error. Presenting the unredacted record was deliberate and served no legitimate purpose. The prosecutor made no argument that redacting the unrelated offenses would somehow deprive the jury of relevant evidence or that redaction was impracticable. The sole probative value of giving the jury this mass of convictions was to suggest Kimberlin had a general propensity to engage in criminal activity. See Day v. Commonwealth, 196 Va. 907, 912-14, 86 S.E.2d 23, 25-27 (1955).

The curative instruction was inadequate to cure this error. Significantly, the jury was told to disregard "any evidence of prior traffic offenses." The transcript shows, however, not only traffic offenses but twenty-two offenses styled "non-motor vehicle related." We cannot assume the jury ignored those offenses, particularly when the instruction did not specifically address them. "The normal presumption is that the jury will follow a curative instruction. Greer v. Miller, 483 U.S. 756, 766 n. 8, . . . (1987). However, this presumption cannot apply when the curative instruction fails by its own terms to address the error." United States v. Hall, 989 F.2d 711, 717 (4th Cir. 1993).

Furthermore, the error was so deliberate and so impressive that, despite the attempt at a curative instruction, it likely influenced the jury. The jury had to plow through ten pages of Kimberlin's prior convictions to find the two convictions the prosecutor introduced the transcript to prove. The notion that they could wipe this material from their consciousness is speculative and disregards the massive number of convictions to which they were exposed. As the Supreme Court has held, "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." Bruton v. United States,

391 U.S. 123, 135 (1968). An appellate court cannot presume the jury followed a curative instruction when there "exist[s] the overwhelming probability of their inability to do so," Richardson v. Marsh, 481 U.S. 200, 208 (1987), or when there "are deliberately spread before the jury . . . incriminations devastating to the defendant," Bruton, 391 U.S. at 136.

For these reasons, I would hold that the instruction could not cure this error. Therefore, I would reverse the conviction for unauthorized use of a motor vehicle and remand for a new trial.